COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


JAMES W. PEACH, JR.
                                      MEMORANDUM OPINION[*]
v.   Record No. 1706-97-2                PER CURIAM
                                      DECEMBER 23, 1997
TALLEY SIGN COMPANY
AND
TRANSPORTATION INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Matthew H. Kraft; Rutter & Montagna, on
              brief), for appellant.

              (Jennifer G. Marwitz; Law Offices of Roya
              Palmer, on brief), for appellees.


     James W. Peach, Jr. (claimant) contends that the Workers'

Compensation Commission erred in denying his claim for an award

of permanent partial disability benefits on the ground that he

failed to prove that his permanent vision loss was causally

related to his compensable January 25, 1994 injury by accident.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained his burden of proving a causal connection between his

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

vision loss and his compensable injury by accident, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> In his de bene esse deposition of April 24, 1996, Dr. [John W.] Dickerson stated that he believed the claimant suffered a trauma to the left eye, causing blood vessels that service the optic nerves to hemorrhage, causing the vision loss. However, he testified that he would have expected to find observable residua or pathology within, or on parts of the claimant's cornea or optic nerve, and he found none. When asked about whether he thought damage between the optic nerve and the retina caused the vision loss, Dr. Dickerson explained, "I don't know for sure what happened to Mr. Peach. That's what frustrates me."

> \*   \*   \*   \*   \*   \*   \*

> In considering Dr. Dickerson's opinions as a whole, it is apparent that he assumes the accident caused the loss of visual acuity, only because there is little else to explain it. See, e.g., April 5, 1995 letter ("I can only assume that this was caused by his injury"). In his deposition, he offered explanations as to what may have caused the loss of vision, but saw no residual effects normally expected to be found in such a case.

The commission also noted that Drs. S. Talegaonkar and W. Richard Jeter, who treated claimant during 1994, did not believe at that time that claimant's eye problems were related to his compensable injury.

2

The commission's factual findings are supported by the record. In light of the opinions of Drs. Talegaonkar and Jeter and the speculative nature of Dr. Dickerson's opinions, the commission, as fact finder, was entitled to conclude that "[g]iven the evidence as a whole, we find that the claimant has failed to prove by a preponderance of the evidence that his vision loss is causally related to the January 25, 1994 accident." "Medical evidence is not necessarily conclusive but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proof. Accordingly, the commission's findings are binding and conclusive upon us on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.